Eastern District of Kentucky
FILED

NOV 27 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL CASE NO: 06-210-DLB

THOMAS BACK                                                                PETITIONER

V.

LARRY CHANDLER, WARDEN,
KENTUCKY STATE PENITENTIARY,                                               RESPONDENT

## MEMORANDUM ORDER

On November 20, 2006, the undersigned magistrate judge received the following hand-written documents in the U.S. Mail, in an envelope postmarked November 14, 2006: 1) Certificate of Inmate Account dated 11/9/06 (A11 form); 2) Affidavit of Assets for Application to proceed without payment of fees (A10 form); 3) Application to Proceed without prepayment of fees and affidavit (AO 240 form);[1] 4) Notice of Certification (handwritten certificate of service); and 5) Motion for appointment of counsel (handwritten).

A search of records by the Clerk of this court reveals the existence of no pending federal cases involving the petitioner in this district. The sole case involving petitioner was a removal hearing under Rule 40 filed in April of 1994, which case was terminated after the defendant/petitioner was transferred to authorities in Florida.

Other than the appointment of such counsel in death penalty cases, this court does not have jurisdiction to appoint counsel to assist the petitioner in the investigation of a writ of habeas corpus to be filed in the future. Petitioner in this instance appears to be seeking the appointment

---

[1]The filing fee for a petition brought pursuant to 28 U.S.C. §§2241 or 2254 is $5.00; there is no filing fee for a motion to vacate a federal conviction brought pursuant to 28 U.S.C. §2255.

1

of counsel based upon his "poverty" as well as his alleged "mental illness."

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, *cert. denied*, 479 U.S. 867 (9th Cir. 1986). Any appointment of counsel for indigents in habeas corpus proceedings therefore rests in the discretion of the District Court "unless denial would result in fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Factors to be considered by the court in ruling on a request to appoint counsel pursuant to 18 U.S.C. § 3006A are identical to those factors considered in a request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and include whether the merits of the claim are colorable and the complexity of legal issues involved.[2] *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983). Many petitions do not warrant the appointment of counsel due to obvious procedural bars to reaching the merits of the petition. For example, the AEDPA generally requires federal petitions to be brought within one year of the date a state or federal conviction becomes final, and further requires that petitioners challenging state court convictions to first exhaust their available remedies in state court.

In this case, even the most basic information concerning petitioner's would-be claims, such as whether he seeks to challenge state or federal convictions, is somewhat a mystery. However, construing petitioner's *pro se* pleadings liberally, and based upon the fact that petitioner does not appear to have any convictions in this district court, it appears that he seeks to file a petition for writ of habeas corpus to challenge a state court conviction or convictions. This

---

[2]28 U.S.C. §1915(e)(1) superseded, but did not substantially alter, the court's prior authority to appoint counsel under 28 U.S.C. §1915(d).

2

conclusion is strengthened by a fleeting reference to an offense "in the Northern District County of Campbell County thus June 5, 2000."[3] Virtually all such petitioners are brought pursuant to 28 U.S.C. §2254. Although one of the documents makes reference to a federal "pending" petition, no such petition has yet been filed and the case numbers referenced on the documents appear to correspond to state court docket numbers rather than any filed in this court.

Accordingly, **IT IS ORDERED:**

1. The documents tendered by petitioner shall be liberally construed and **filed** as a new petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254, together with a motion to proceed *in forma pauperis* and a motion for the appointment of counsel. As petitioner is incarcerated at the Kentucky State Penitentiary, the warden of that institution will be deemed to be the appropriate respondent;

2. Petitioner's motion for the appointment of counsel is **denied at this time**;

3. The Clerk shall send to petitioner the appropriate form for filing a petition pursuant to 28 U.S.C. §2254;

4. Petitioner shall complete and file his petition for writ of habeas corpus on the form provided by the Clerk within thirty (30) days of the date of this order, following which this case shall be resubmitted to the undersigned magistrate judge for further consideration;

5. Should petitioner fail to file an appropriate petition for writ of habeas corpus within the time period provided, this proceeding will be dismissed for failure to prosecute.

---

[3] A conviction dating back to the year 2000 may be barred by the applicable one-year statute of limitations.

3

This 27th day of November, 2006.

_____
U.S. Magistrate Judge J. Gregory Wehrman

4